UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEFF MORRISON and HEIDI RINEHART, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) 14 C 3633 |
| v. | ) |
| | ) Judge George M. Marovich |
| A FRESH START SOBER LIVING ENVIRONMENTS, INC., SCOTT LEE COHEN, and CITY OF CHICAGO ZONING BOARD OF APPEALS, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Defendant A Fresh Start Sober Living Environments, Inc. ("A Fresh Start") removed to this court a case filed in the Circuit Court of Cook County, Chancery Division by plaintiffs Jeff Morrison and Heidi Rinehart, two homeowners. Because the Court lacks jurisdiction over this case, the case is hereby remanded to the Circuit Court of Cook County, Chancery Division.

**I.     Background**

According to the allegations in plaintiffs' complaint, plaintiffs own a residence near 2128 N. Winchester ("2128"), a single-family home owned by defendant Scott Lee Cohen ("Cohen"). Cohen moved out of 2128 several years ago and started renting the home to defendant A Fresh Start, which operates 2128 as a transient halfway house for drug and alcohol addicts, much to the consternation of plaintiffs, who do not appreciate the alleged "visible drug trafficking, excessive traffic," "continuous and disruptive noise," "excessive littering," and "verbal harassment and intimidation."

Plaintiffs allege that the use of 2128 as a halfway house violates the local zoning laws and that A Fresh Start is required to apply to defendant City of Chicago Zoning Board of Appeals (the "Zoning Board") for a Special Use Permit in order to operate a halfway house at 2128. Because A Fresh Start has not obtained such a Special Use Permit, plaintiffs asked the state court (in which it filed its complaint) to declare that the Zoning Board has a duty both to evict A Fresh Start until it obtains a Special Use Permit and to deny A Fresh Start a Special Use Permit for failure to comply with the zoning requirements.

Plaintiffs further allege that the reason A Fresh Start continues to operate a halfway house at 2128 without a Special Use Permit is that A Fresh Start believes the individuals it houses at 2128 are a "protected class" under the Fair Housing Act ("FHA"), 42 U.S.C. § 3604. Plaintiffs also seek a declaration that the Fair Housing Act does not apply to A Fresh Start.

Defendant A Fresh Start removed the case to this court. A Fresh Start states in its notice of removal that removal is proper because the Court has federal-question jurisdiction pursuant to 28 U.S.C. § 1331 in that the Federal Housing Act is a "central issue in this case."

**II.    Discussion**

A federal court must always assure itself that it has jurisdiction over a claim before it. *Weaver v. Hollywood Casino-Aurora, Inc.*, 255 F.3d 379, 381 (7th Cir. 2001). Chapter 28, § 1441 of the United States Code allows removal of certain cases to federal court and provides, in relevant part:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. . . .

> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

28 U.S.C. § 1441. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The anticipation of a federal defense does not confer federal question jurisdiction. In order for a federal court to have federal question jurisdiction over a case, a "right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936). Under this "well-pleaded complaint" rule:

> whether a case is one arising under the Constitution or a law or treaty of the United States . . . must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendants may interpose.

*Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914). Thus, "a federal court does not have original jurisdiction over a case in which the complaint presents a state-law cause of action, but also asserts that federal law deprives the defendant of a defense he may raise . . . or that a federal defense the defendant may raise is not sufficient to defeat the claim." *Franchise Tax Bd. of the State of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 10 (1983). In *Louisville & Nashville RR Co. v. Mottley*, 211 U.S. 149 (1908), for example, the Mottleys sued defendant for breaching a contract. In their complaint, the Mottleys alleged that the reason defendant breached the contract was that an Act of Congress prohibited compliance with the contract. The Mottleys further alleged that the Act of Congress did not prohibit compliance and,

even if it did, such Act was unconstitutional. The Supreme Court said the case should be dismissed for want of jurisdiction. *Mottley*, 211 U.S. at 44.

This case is analogous to *Mottley*. Plaintiffs are trying to enforce a state zoning regulation, but they anticipate a federal defense. Specifically, plaintiffs allege that defendant A Fresh Start thinks it need not comply with state zoning law due to the Fair Housing Act, and plaintiffs further allege that the Fair Housing Act is inapplicable. As was true in *Mottley*, the fact that the plaintiffs anticipate a federal defense is not sufficient to confer jurisdiction. Nor does it help that the plaintiffs seek a declaration that the federal statute is inapplicable. *See Chicago Tribune Co. v. Board of Trustees of the Univ. of Ill.*, 680 F.3d 1001, 1005 (7th Cir. 2012) ("the natural plaintiff in a claim arising under state law cannot use a declaratory-judgment action to litigate an anticipated federal defense in federal court.") (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 70 S.Ct. 876 (1950)).

The Court lacks jurisdiction over this case. Accordingly, the case must be remanded to the Circuit Court of Cook County, Chancery Division.

## IV. Conclusion

Pursuant to 28 U.S.C. § 1447(c), the Court hereby remands this case to the Circuit Court of Cook County, Chancery Division.

ENTER:

George M. Marovich
United States District Judge

DATED: June 2, 2014